IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHNNIE T. WARREN, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 7:21-cv-00136 |
| | ) |
| v. | ) |
| | ) By: Elizabeth K. Dillon |
| JASON C. STREEVAL, WARDEN, | ) United States District Judge |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Johnnie T. Warren, a federal inmate proceeding *pro se*, filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that his continued detention is unconstitutional. Warren was convicted, in the United States District Court of the District of Hawaii, of murder, attempted murder, and assault with a dangerous weapon, based on his stabbing of two victims during the same incident. In his § 2241 petition, he relies on *Burrage v. United States*, 571 U.S. 204 (2014), which addressed 21 US.C. § 841(b)(1)(C), a sentencing enhancement to a drug distribution charge. The enhancement is applicable where "serious bodily injury or death results." *Burrage* held that a jury must find but-for causation for that enhancement to apply, at least where multiple drugs may have contributed to the death. *Burrage*, 571 U.S. at 218–19.

Without citing any supporting authority, Warren contends that the *Burrage* causation standard applies with equal force to his murder conviction under 18 U.S.C. § 1111. He contends that because the jury in his case was not instructed that it had to find that the but-for cause of his victim's death was the stab wound inflicted by Warren, he is "actually innocent" of first-degree murder. He suggests that, had the jury been properly instructed, it would not have convicted him. (*See* Pet. 1–2, Dkt. No. 1 (summarizing his argument).)

Respondent has filed a motion to dismiss the petition, arguing that the court lacks jurisdiction over it and that Warren has procedurally defaulted his claim and cannot make the necessary showings to overcome that default. (Dkt. No. 14.) Warren filed a response (Dkt. No. 16), which the court also has considered.

For the reasons set forth herein, the court concludes that it does not have jurisdiction over Warren's § 2241 petition and must dismiss the petition without prejudice.

## I.  BACKGROUND

**A.  Criminal Case and Direct Appeals**

In January 1991, Warren was charged in a three-count indictment in the United States District Court for the District of Hawaii. *United States v. Warren* (hereinafter "*Warren*"), No. 1:91-cr-00118-DEA, Dkt. No. 14.[1] Count One charged him with murder in the first degree, in violation of 18 U.S.C. § 1111(a) and 1111(b). Count Two charged him with attempted murder, in violation of 18 U.S.C. § 1113. Count Three charged him with assault with a dangerous weapon, in violation of 18 U.S.C. § 113(c). As set forth by the appellate court in his first direct appeal, the facts underlying the indictment and proved at trial are as follows:

> On January 5, 1991, 19-year-old Johnnie Warren and a group of his friends were drinking beer at the home of one of the group when Derek Johnson, another friend, arrived and reported a man had accosted Warren's sister at a store on a local army base, Schofield Barracks. Warren and the others set out in search of the man. Several hours later, they confronted William Canady and Rogers Watson near the Paradise Club, an enlisted men's club on the Schofield base. Warren stabbed Canady once in the chest and a second time in the back as Canady collapsed. Warren then stabbed

---

[1] In reviewing the underlying case's electronic case file, many of the early documents are not electronically available given the age of the case, and neither party has provided them. Instead, a docket sheet reflecting the early entries is included in the electronic court file, and that docket sheet includes numbers for each document. The Court will cite to documents from the underlying criminal case—regardless of whether the documents themselves are electronically docketed—as "*Warren*, Dkt. No. __." Citations to docket entries in the case at bar will appear in parentheses as "Dkt. No. __."

> Watson, threw the knife into the bushes and fled. Canady died from his wounds; Watson recovered.

*United States v. Warren*, 984 F.2d 325, 327 (9th Cir. 1993).

Warren was tried by a jury and found guilty on all counts. On October 7, 1991, the district court sentenced Warren to a term of life imprisonment without parole on Count One (the mandatory punishment for that count), twenty years' imprisonment on Count Two, and five years' imprisonment on Count Three, all to run concurrently. *Warren*, Dkt. Nos. 75, 76.

Warren appealed, and the Ninth Circuit rejected some of his arguments, affirming the convictions for attempted murder and assault with a dangerous weapon. It agreed with Warren, however, that when the jury asked questions about premeditation and consideration of second-degree murder, the trial court should have instructed the jury that it could consider a lesser included offense if it disagreed on murder in the first degree, or "should have referred the jury" to certain instructions to make "clear that [the jury] was not required to reach a unanimous verdict of acquittal on the greater charge before reaching the lesser included offense." *Warren*, 984 F.2d at 331. Moreover, because the evidence of premeditation was "not overwhelming," the error was not harmless. *Id.*

The retrial on the murder charge began in May 1993, and the jury again returned a guilty verdict. *Warren*, Dkt. No. 124. The district court imposed the same mandatory sentence of life imprisonment. *Warren*, Dkt. Nos. 125, 126. Warren appealed again, and the Ninth Circuit affirmed. *United States v. Warren*, 25 F.3d 890 (9th Cir. 1994).

### B. Post-Conviction Motions and Petitions

In September 2005, Warren filed a 28 U.S.C. § 2241 petition in the Middle District of Pennsylvania, where he was then incarcerated. That court dismissed his petition "without prejudice to any right Warren may have to file a § 2255 motion" in the District of Hawaii.

3

*Warren v. Smith*, Case No. 4:91-cv-01827, 2005 WL 2454001, at *3 (M.D. Pa. Oct. 4, 2005). Warren did not file any § 2255 motion at that time.

Thirteen years later, in September 2018, Warren filed another § 2241 petition, but in the District of Hawaii. In addressing it, the court first noted that Warren did not qualify to seek relief under § 2241, and, in any event, jurisdiction was not proper in that court. *Warren*, Dkt. No. 141, at 5–9. Thus, the court concluded that he could proceed only by way of a § 2255 motion, but any such motion was untimely. *Id.* at 9–10. Importantly, and although *Burrage* was decided before he filed his § 2255 motion, Warren did not raise any claim based on *Burrage*. *See generally id.* Both the district court and the Ninth Circuit denied certificates of appealability and subsequent motions and appeals. *Warren*, Dkt. Nos. 141–149. In July 2021, he filed a motion requesting compassionate release, which the district court denied. *Warren*, Dkt. Nos. 150, 156, 158. Warren appealed, and his appeal remains pending before the Ninth Circuit. *United States v. Warren*, No. 21-10325 (9th Cir.).

Warren's § 2241 petition was received by this court on March 4, 2021. (Dkt. No. 1.) Respondent filed its motion to dismiss on August 16, 2021 (Dkt. No. 14), and Warren filed a timely reply (Dkt. No. 16). As noted, Warren argues that he is actually innocent of his murder conviction, relying on *Burrage*, because the court did not require the jury to find that the stab wounds inflicted by Warren were the "but-for" cause of his victim's death. His primary argument seems to be that the court determined causation for itself, rather than submitting that issue to the jury. (Pet. 2, 3, 4, 6, 8–10, Dkt. No. 1.) For relief, he asks that the asks that the court "reverse and vacate" his first-degree murder conviction. (*Id.* at 10.)

## II.  DISCUSSION

Typically, a petitioner challenging the validity of his conviction or sentence must proceed

4

under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2] "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

In *Jones*, the Fourth Circuit explained that § 2255 is "inadequate or ineffective" to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

328 F.3d at 333–34.

The requirements of the savings clause are jurisdictional. *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018). Thus, a § 2241 petitioner relying on the savings clause to challenge his conviction must satisfy each prong of the *Jones* test for the district court to have jurisdiction to evaluate the merits of the petitioner's claims. *Id.* at 426–29.

Although the court must apply the procedural standard in *Jones*, "[i]n evaluating the substantive law in a § 2255(e) savings clause analysis, the court must 'look to the substantive law of the circuit where a defendant was convicted.'" *Hahn v. Moseley*, 931 F.3d 295, 300–01 (4th Cir. 2019). In this case, Warren's conviction occurred in the District of Hawaii, which is

---

[2] This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." *Lester v. Flournoy*, 909 F.3d 708, 711 (4th Cir. 2018).

within the Ninth Circuit. Thus, Ninth Circuit substantive law governs the petition.

In his motion to dismiss, respondent first notes that he disagrees with the Fourth Circuit's "substantive framework" as to what claims can be brought in a § 2241 petition and believes that "*Jones* and its progeny are wrongly decided," preserving that issue for appeal. (Mot. Dismiss 8–9, Dkt. No. 14.) Respondent next moves to dismiss the petition based on the court's lack of jurisdiction. In particular, respondent argues that Warren cannot satisfy the second *Jones* requirement, because *Burrage* did not change the law in any way that makes the conduct of which Warren was convicted non-criminal. (Mot. Dismiss 9–16.) Respondent also contends that Warren cannot satisfy the third requirement, because *Burrage* did not create a new rule applicable to his conviction. Lastly, respondent argues that, even if the court had jurisdiction, Turner has procedurally defaulted his claims and failed to show cause and prejudice or "actual innocence" so as to overcome that default. (*Id.* at 16–19.)

The court agrees with respondent that Warren cannot meet the second *Jones* requirements because he cannot demonstrate that the conduct for which he was convicted is no longer a crime. *See Jones*, 328 F.3d at 334. Quite simply, Warren cannot make even a colorable showing that *Burrage* renders his conduct non-criminal.

As noted, *Burrage* dealt with the statutory enhancement under 21 U.S.C. § 841(b)(1)(C), which increases the mandatory minimum from 10 to 20 years and allows a life sentence "if death or serious bodily injury results from the use" of the substance defendant is charged with distributing. In *Burrage*, the person who died had in his system both heroin from the defendant and other drugs. 571 U.S. at 207. Both of the experts who testified concerning causation testified that they could not say whether the person would have lived had he not taken the heroin. *Id.* One testified that heroin "was a contributing factor"; the other testified that the death would

have been "[v]ery less likely" without the heroin. *Id.* The district court rejected the jury instructions proposed by the defendant, one of which would have required but-for causation, and instead instructed the jury that the Government must prove that the heroin was a "contributing cause" of the death.

In determining the meaning of "death . . . results" where the person who died had more than one possibly lethal drug in his system, the *Burrage* Court explained that a conviction requires that the drug distributed by the defendant be a but-for cause of the death. Specifically, the Supreme Court held that, "at least where the use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Id.* at 218–19.

Warren argues that causation was not submitted to the jury in his case, and he appears to be arguing that he may have been convicted based on a lesser standard of causation. But Warren is not entitled to rely on *Burrage* for several reasons.

First of all, Warren is incorrect that the issue of causation was not submitted to the jury. The trial court may have made comments in the course of evidentiary rulings to the effect that "there is no question that the knife wound killed" Canady. (Pet. 4 (reportedly quoting from trial transcript).) But the jury, in order to find Warren guilty, had to find that, by stabbing Canady, Warren killed him. Thus, the jury was required to find that it was Warren's actions that caused Canady's death, and their verdict reflects that they so found.

Second, *Burrage* had already been decided when Warren filed his first § 2255 motion, in 2018. He could have asserted a claim based on *Burrage* in that motion, but he did not. That alone precludes him from using *Burrage* to satisfy the second *Jones* prong, which requires that

the law have changed "subsequent to the prisoner's direct appeal and first § 2255 motion." Here, the law changed before Warren's first § 2255 motion.

Third, it is not clear whether *Burrage*, which arose in a very different context, has any bearing on the context here—a murder conviction under 18 U.S.C. § 1111. *Cf. Dennis v. Upton*, No. 4:17-cv-872-O, 2019 WL 3067981, at *5 (N.D. Tex. July 11, 2019) (concluding that *Burrage* did not entitle a defendant convicted of conspiring to kill a federal official, in violation of 18 U.S.C. § 1117, to proceed under the savings clause).

The statute under which Warren was convicted, 18 U.S.C. § 1111(a), is quite unlike the statute addressed in *Burrage*. That provision states:

> Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; . . . or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree. Any other murder is murder in the second degree.

18 U.S.C. § 1111(a). Subsection (b) of the statute states that a person found guilty of first degree murder "within the special maritime and territorial jurisdiction of the United States" "shall be punished by death or imprisonment for life." § 1111(b). In general terms, the elements of first-degree murder are: "premeditation, malice aforethought, intent, unlawful killing." *United States v. Quintero*, 21 F.3d 885, 890 n.3 (9th Cir. 1994)).

To be sure, the jury must find that the defendant unlawfully killed the victim (which implicitly requires that the defendant's conduct caused the victim's death), but that does not mean that jury instructions failing to require "but-for" causation are erroneous. That is particularly true here, where the record does not include any evidence that any other cause besides Warren's stabbing of the victim caused his death. Put differently, even if *Burrage* were

8

applicable generally to convictions under 18 U.S.C. § 1111, it is inapplicable here because of the facts of this case.

In *Burrage*, the Court explained that it was unclear whether the death had resulted from the heroin distributed by defendant: "[T]here was no evidence . . . that [the victim's] heroin use was an independently sufficient cause of [the victim's] his death." *Burrage*, 571 U.S. at 215. Subsequently, other courts have held that where an "independently sufficient cause" was present, no instruction as to but-for causation is required. *United States v. Lewis*, 895 F.3d 1004, 1010 (8th Cir. 2018), *cert. denied*, 139 S. Ct. 850 (2019) (noting that, after *Burrage*, the sentencing enhancement could be proved by "but-for" cause *or* by an "independently sufficient cause"); *Atkins v. Stancil*, 744 F. App'x 902, 903 (5th Cir. 2018) (per curiam) (holding that a jury instruction utilizing the statutory language of "results from" was sufficient where the medical examiner had concluded the victim died from "acute heroin toxicity" and there was no other claimed cause).

It is plain that the jury found that Canady died because of Warren's conduct, which consisted of stabbing Canady twice. Warren has not pointed to any evidence—at either of his trials or in his petition here—that any other cause contributed to the victim's death. Thus, here—unlike *Burrage*—the defendant's conduct (stabbing the victim) was an "independently sufficient cause of the victim's death." *Cf. Burrage*, 571 U.S. at 215.

In similar circumstances, courts have rejected a § 2241 petitioner's attempts to raise a *Burrage* claim. *E.g.*, *Hyles v. Breckon*, No. 7:19CV192, 2020 WL 1277227, at *6–7 (W.D. Va. Mar. 17, 2020) (denying habeas relief to a § 2241 petitioner who alleged that *Burrage* invalidated his conviction for using interstate commerce to commit murder-for-hire where "death results" under 18 U.S.C. § 1958 and noting that there was no doubt about the cause of death in

9

the case before it, where the victim was shot in the head and the autopsy stated that he had died of a gunshot wound); *Washington v. Barnhart*, 788 F. App'x 978, 980 (5th Cir. 2019) (disallowing petitioner to proceed under § 2241 because "even if there were *Burrage* error, the error was harmless as there was no dispute as to the cause of death of the victims. The evidence established that Washington and a codefendant shot the victims, and the victims died as a result of the gunshot wounds.") (citation omitted).

Like the petitioners in *Washington* and *Hyles*, Warren cannot show that he has been convicted of a nonexistent offense based on *Burrage*. No but-for causation instruction was required where the stabbing was an "independently sufficient cause of death," and where, like those cases, there "was no dispute as to the cause of death of the victim[]." *See Washington*, 318 F.3d at 852.

For all of these reasons, Warren's arguments based on *Burrage* do not satisfy the *Jones* test. Thus, the court concludes that it does not have jurisdiction over his petition, *see Wheeler,* 886 F.3d at 423, and the petition must be dismissed.

### III. CONCLUSION

For the reasons stated, the court concludes that it lacks jurisdiction over Warren's petition. Accordingly, the court will dismiss the case without prejudice. An appropriate order will issue this day.

Entered: March 11, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge